```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JONATHAN J. CAVALEA,

                    Plaintiff,

     -against-                          MEMORANDUM AND ORDER
                                        10-CV-4602 (JS)(WDW)
DR. JANE, NURSE SOSA, WARDEN OF
SUFFOLK COUNTY JAIL, SUFFOLK COUNTY
DEPARTMENT OF HEALTH SERVICES,
SUFFOLK COUNTY SHERIFF'S OFFICE,
NEW YORK STATE, SUFFOLK COUNTY CLERK,
SUFFOLK COUNTY,
                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Jonathan J. Cavalea, Pro Se
                    8 Hyanis Court
                    Mount Sinai, New York 11766

For Defendants:     No Appearances
```

SEYBERT, District Judge:

Presently pending before the Court is the Complaint of incarcerated pro se plaintiff Jonathan J. Cavalea ("Plaintiff") filed pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed in forma pauperis. For the reasons that follow, the application to proceed in forma pauperis is granted and the Complaint is dismissed with prejudice as against New York State, Suffolk County Department of Health Services and Suffolk County Sheriff's Office and dismissed without prejudice and with leave to replead as against Dr. Jane, Nurse Sosa, Warden of Suffolk County Jail, Suffolk County Clerk, and Suffolk County.

BACKGROUND

Plaintiff's Complaint alleges that he "has been denied the 'proper and needed medical care' on-going treatment for the claimant disease, (RSD) 'Reflex-Sympathetic-Dystrophy' '<u>Syndrome</u>.'" (Compl. at ¶ IV). Plaintiff states that he has not been given the proper medications to treat his disease and that he "was denied 'the removal of claimants [sic] hardware,' in the claimants [sic] left femor [sic] by, 'The Correctional Facility Contracted Orthopedic.'" <u>Id.</u> Moreover, Plaintiff claims that he was "refused 'ROR Release' for claimants [sic] disease specialist surgeon in New York City . . . to repair claimants [sic] (RSD) pain and removal of the shifted rod in claimants [sic] left femor [sic]." <u>Id.</u> Plaintiff states he has

> awared [sic] the Facility, 'Suffolk County Medical Staff' about the unbearable pain in claimants [sic], 'left knee and hip flexor' which has a metal rod embeded [sic] in the claimants left femur, which has shifted from when the claimant fell on July 1st 2010, at 6:25 pm, which has caused the metal rod to create unbearable pain in the hip flexor.

(Compl. at ¶ IV.A). Plaintiff also claims he had his "walking cane taking [sic]" and as a result Plaintiff's "knee caved inward, on July 1st, 2010, which caused claimant to fall." <u>Id.</u> Lastly, Plaintiff claims that "a growing 'cyst' has formed on affected limb." <u>Id.</u>

Plaintiff seeks relief in the form of "immediate 'ROR' release from facility, to obtain proper medical care." (Compl. at

2

¶ V). Plaintiff also seeks to recover damages with interest for his alleged pain and suffering.[1] Lastly, Plaintiff seeks "'40 day's good time' to be returned from: 'Suffolk County Correctional Facility, . . .'" Id.

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of the Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary

---

[1] Plaintiff also indicates that he seeks relief for his "'family and fiance [sic]' [who] lost there [sic] whole summer and weeks of work, making phone calls to jail, doctors, civil rights departments, and most of all the 'phyiscal [sic] and emotional' pain my family and fiance [sic] had." (Compl. at ¶ V). Insofar as Plaintiff seeks to assert claims on behalf of his family and fiancee, he has no standing to do so. Plaintiff cannot assert causes of action or claim damages based on a third party's alleged injury. See McCracken v. Natale, No. 04-CV-5456 (JS) (ARL), 2008 WL 5274317, at *4 (E.D.N.Y. Dec. 17, 2008) (Plaintiff lacks standing to sue for injuries allegedly suffered by third parties) (citing Garel v. City of New York, No. 04-CV-3506, 2007 U.S. Dist. LEXIS 8536, at *3 (E.D.N.Y. Jan. 9, 2007)).

3

relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A (a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

A. Section 1983

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights,

4

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983 (2000). To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RMM) (ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on

5

information regarding the unlawful conduct of subordinates." <u>Hayut v. State Univ. of New York</u>, 352 F.3d 733, 753 (2d Cir. 2003). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. <u>See</u> <u>Johnson v. Barney</u>, 360 Fed. Appx. 199, 2010 WL 93110, at *1 (2d Cir. Jan. 12, 2010).

Here, Plaintiff fails to allege personal involvement by Dr. Jane, Nurse Sosa, the Warden of Suffolk County Jail, the Suffolk County Sheriff's Office, and the Suffolk County Clerk. In addition, Plaintiff fails to allege facts from which the Court could liberally construe a plausible Section 1983 claim. Accordingly, the Complaint is dismissed without prejudice as against Dr. Jane, Nurse Sosa, the Warden of Suffolk County Jail, and the Suffolk County Clerk and Plaintiff is given leave to amend his Complaint. However, for the reasons that follow, the Complaint is dismissed with prejudice as against the Suffolk County Department of Health Services, the Suffolk County Sheriff's Office and the State of New York.

    B.    <u>Claims Against Suffolk County Department of Health Services and the Suffolk County Sheriff's Office</u>

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." <u>See</u> <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police

6

Department); see also Carthew v. County of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010) (holding that the Suffolk County police department is an administrative arm of the County and, thus, lacks the capacity to be sued); Barreto v. Suffolk County, No. 10-CV-0028, 2010 WL 301949, at * 2 (E.D.N.Y. Jan. 20, 2010) (holding that local police departments, such as the Suffolk County police department, are administrative arms of the County without the capacity to sue or be sued).

Since both the Suffolk County Department of Health Services and the Suffolk County Sheriff's Office are administrative arms of Suffolk County, without a legal identity separate and apart from the County, they lack the capacity to be sued. Accordingly, Plaintiff's claims against the Suffolk County Department of Health Services and the Suffolk County Sheriff's Office are dismissed with prejudice and are redirected against Suffolk County.

C.  Claims Against New York State

The Eleventh Amendment bars suits brought by a state's own citizens in federal court. Woods v. Rondout Valley Central School Dist. Bd of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999)). The United States Supreme Court has long held that states, state agencies, and state officials sued in their official capacity are not persons subject to suit under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1979). Moreover, the Supreme Court instructs that the Eleventh Amendment gives a state government

immunity from suit, not just from liability.  Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993).  Congress, under it's Section 5 power of the Fourteenth Amendment may abrogate a state's Eleventh Amendment immunity.  See U.S. Const., amend. XIV, § 5; Bolmer v. Oliveira, 594 F.3d 134, 146 (2d Cir. 2010) (citing Tennessee v. Lane, 541 U.S. 509, 518, 124 S. Ct. 1978, 158 L. Ed. 2d 820 (2004)).  However, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity."  Woods, 466 F.3d at 236 (citing Lapides v. Bd. of Regents, 535 U.S. 613, 618-19, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002)).

Plaintiff names New York State as a defendant in his Complaint.  New York State has not waived its Eleventh Amendment immunity, nor has Congress abrogated New York's Eleventh Amendment immunity.  As such, the claims against New York State are dismissed with prejudice.

D.  Claims Against Suffolk County

A municipality or municipal entity cannot be held liable under § 1983 on a respondeat superior theory.  See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008), cert. denied, 130 S. Ct. 95, 175 L. Ed. 2d 234 (2009).  To prevail on a Section 1983 claim against a municipality, a plaintiff must show "an injury to a constitutionally protected right * * * that * * * was caused by a

policy or custom of the municipality or by a municipal official 'responsible for establishing final policy.'" Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (quoting Skehan v. Village of Mamaroneck, 465 F.3d 96, 108-109 (2d Cir. 2006) overruled on other grounds by Appel v. Spiridon, 531 F.3d 138, 140 (2d Cir. 2008)); see also Monell, 436 U.S. at 690-901, 98 S. Ct. 2018. "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (citations omitted). To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact within the municipal employees. Sulehria v. City of New York, 670 F. Supp. 2d 288, 320 (S.D.N.Y. 2009); see also Davis, 224 F. Supp. 2d at 478.

Here, Plaintiff wholly fails to allege that any of the defendant' actions were undertaken pursuant to a municipal policy, practice or custom. Accordingly, the Complaint against Suffolk

9

County is dismissed without prejudice and Plaintiff is given leave to replead in accordance with this Order.

CONCLUSION

For the reasons set forth above, the Plaintiff's application to proceed in forma pauperis is GRANTED, however, the Complaint is sua sponte DISMISSED WITH PREJUDICE as against New York State, Suffolk County Department of Health Services and Suffolk County Sheriff's Office and is DISMISSED WITHOUT PREJUDICE and with leave to file an Amended Complaint that complies with this Order as against Dr. Jane, Nurse Sosa, Warden of Suffolk County Jail, Suffolk County Clerk and Suffolk County. An Amended Complaint must be labeled "Amended Complaint" and must bear the docket number 10-CV-4602 (JS)(WDW).

The agency that was holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this

Order, together with Plaintiff's authorization, to the Superintendent of the facility in which Plaintiff is incarcerated and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the <u>pro</u> <u>se</u> Plaintiff at his last known address, <u>see</u> Fed. R. Civ. P. 5(b)(2)(C).

                                            SO ORDERED.

                                      /s/ JOANNA SEYBERT
                                      Joanna Seybert, U.S.D.J.

Dated:    February 28, 2011
            Central Islip, New York